### KANIS v. ROGERS.

### Opinion delivered May 31, 1915.

1. INSTRUCTIONS—BURDEN OF PROOF—IMPROPER INSTRUCTION.—In an action for damages for killing a dog, it is not error for the trial court to refuse to give an incorrect instruction on the burden of proof, although no other instruction on the burden of proof was given.

2. NEGLIGENCE—KILLING DOG—DAMAGES—BURDEN OF PROOF.—Where defendant killed plaintiff's dog, and admitted the killing, he will be liable to plaintiff in damages, in such a sum as the dog is shown to be worth, unless he killed it under such circumstances as gave him the right to do so, and the burden of proof is on the defendant to show that right.

3. DAMAGES—NEGLIGENT KILLING OF DOG—MARKET VALUE.—Where defendant killed plaintiff's dog, without justification, plaintiff may recover as damages, the market value of the dog.

Appeal from Pulaski Circuit Court, Third Division; *G. W. Hendricks,* Judge; affirmed.

STATEMENT BY THE COURT.

Appellee brought this suit in justice court for damages for the killing of a hunting dog and recovered judgment, from which appellant appealed to the circuit court, and upon trial there again recovered judgment for $50, from which appellant prosecutes this appeal.

It appears from the testimony that plaintiff passed near defendant's home, about 10 o'clock in the morning, and hitched his horse by the pasture 250 yards from the house. Some goats and sheep ran by him and his dog started to chase them. He went after the dog with a whip and passed two crippled sheep, but before he reached the dog to control him, Kanis ran out with a gun, and notwithstanding he shouted, "Don't shoot my dog," shot

the dog and so wounded and crippled her that he asked him to shoot again and kill her, which he did.

He testified that Kanis cursed and swore and told him he thought he knew better than to hunt there, and that it was the twenty-third dog he had killed this year, and he would kill every damn dog he could that was chasing his sheep, that he ought to be thankful that he did not kill his other dog. Said Kanis made no effort to make the dog stop before shooting, that the dog did not take hold of any sheep, and that he had hunted them all over the country, and they had never made a break to catch any sheep. That he could have stopped the dog if she had been chasing the sheep, and was within 75 feet of her on the public highway. He said, also, that Mr. Kanis knew him, called his name; that the dog was young and only playing at chasing the sheep; that he had been chasing a fox to the west of Mr. Kanis's home for two hours that morning. The dog was well trained, and was worth $100; and had cost $50.

Others testified that they knew the dog and had never seen her chase or try to catch any sheep, and also as to the value, placing it all the way from $25 to $100.

Herman Heiden testified that he had handled a good many hounds, some for pleasure, and some for profit. He bred the Rogers' dog, which was of good stock, Carmichael Red Bone; that it was worth $100—that it was worth $50 to train a dog.

Kanis testified that on the 30th of March, about 9 o'clock, he heard two dogs barking fast and heard his sheep bell and rushed to their assistance. By the time he had reached there, they had killed a goat. That about 10:30 he heard dogs barking again, chasing his sheep, and coming toward him, and "I got my gun and met them at the mouth of the lane, and this dog I killed had hold of the sheep about half-way up on the leg. I hollered at the dog, but it would not turn loose, and I killed it. The other dog did not have hold of any of the bunch, and I did not kill it. After I had killed the dog, I heard Mr. Rogers calling to me, but it was too late. If I had seen him before, I would not have shot. I had killed other dogs for

killing our sheep. I found the sheep afterward lying down bleeding freely, with a large place torn in the leg, and it died next day. I did not hear Rogers holler at the dogs, and if I had, I would not have shot. I did not know him nor his dog, and never saw him before. I have had a great many sheep killed, under similar circumstances, and have killed the dogs when I could. I do not think a sheep-killing dog is worth anything. I testified in the lower court that when I shot the dog, it had hold of the sheep. I shot him in the breast and shot him the second time. I shot him because he had hold of the sheep, and would not turn it loose.

Another witness testified that she saw the dog chasing the sheep, and heard Mr. Rogers calling to them, but they paid no attention to him; that the sheep were without any inclosure.

The justice before whom the case was tried testified that appellant did not testify in his court about the dog killing the sheep.

Several testified that a dog that would kill sheep had no market value, and was less than worthless.

The court instructed the jury, refusing to give appellant's requested instruction numbered 2, as follows:

"The court instructs the jury that the burden is upon the plaintiff in this case, and that he must prove by a fair preponderance of the testimony that the dog in controversy had a market value, and what that market value is, and if he fails to do so, your verdict will be for the defendant."

From the judgment against him appellant brings this appeal.

*John D. Shackleford,* for appellant.

1. The court erred in giving and refusing instructions. Every one has a right to protect his stock from injury by dogs, and may kill the dog in such protection. 2 Cyc. 415-416; 15 L. R. A. 251-3, and note and forty other authorities. To kill a dog who kills sheep is the only way to stop his career. Under the law defendant had the undisputed right to kill the dog. 2 Cyc. 425.

2.  The burden was on appellant to show the market value of the dog.  A sheep-killing dog has no value. Opinion evidence is not admissible.  Cyc. L. Dic. 593; 88 Mich. 15; 99 Mass. 345; 38 Ark. 174; 2 Cyc. 424, and many cases cited.

*Kirtley & Gulley,* for appellee.

1.  The jury were properly instructed that if it was necessary to kill the dog in order to protect property defendant was justifiable.

2.  The market value is determined at the time and place where the sale is to be made or where the value is to be determined. 78 Ark. 402. A dog is personal property. 83 Ark. 264. In determining a dog's value all the circumstances are important.  67 Am. St. Rep. 292, note.  The value is for the jury.  1 R. C. L. 1131; 81 Tex. 222.  Expert evidence is admissible.  1 R. C. L. 1131; 77 Miss. 353, and others.  The evidence shows a wanton killing, and the value was proven.

KIRBY, J., (after stating the facts).  (1)  It is contended for reversal that the court erred in refusing to give said requested instruction numbered 2.  The instruction as requested, was not an accurate statement of the law, since the burden of proof in the case was not upon the plaintiff, except to show the value of the dog, the defendant having admitted the killing.  The instruction not being correct, the court did not err in refusing it, although no other instruction was given upon the burden of proof alone.

The court instructed the jury, however, after saying that the plaintiff brings this suit to recover damages for the dog, which the defendant killed, alleging that the dog had a market value, and was killed without cause: "The question for you to decide in this case is the motive that controlled the defendant in the killing of this dog. You are instructed that if he acted in good faith, and believed it was necessary to kill this dog in order to protect his property he would be justified in doing it under the law; but if he killed it without taking into consideration the circumstances, if he acted negligently or wantonly in shooting the dog, then you will find for the plaintiff."

"2. If you find for the plaintiff, the amount of the damages will be such an amount as you may find from the evidence will compensate him for the loss of the dog, if you find that the dog had a market value."

(2) The defendant having admitted that he killed plaintiff's dog, was bound to pay damages therefor in such sum as the dog was shown to be worth unless he killed it under such circumstances as gave him the right to do so, without liability to damages therefor, the burden of proof of which devolved upon him. The court in effect told the jury that if they found he believed it was necessary to kill the dog in order to protect his property, he would be justified in doing so under the law, if he took into consideration the circumstances surrounding the transaction, and did not act negligently or wantonly in shooting the dog, which was as fair a statement of the law as he was entitled to.

(3) The court's instruction as to damages is not happily phrased, but means no more than to tell the jury if they should find for the plaintiff, or in other words, that the defendant was not justified in killing the dog to protect his property, that they should award damages in such an amount as would equal the market value of the dog. Of course, plaintiff was not entitled to compensation for the loss of the dog, except in the amount of its proved market value, as the instruction indicates. The jury could well have found for appellant had they believed his statement, but they found against him upon testimony sufficient to support the verdict, and the judgment is affirmed.